# KING & SPALDING

King & Spalding LLP
500 W. 2nd Street
Suite 1800
Austin, Texas  78701

Mike Stenglein
Direct Dial:  +1 512 457 2003
mstenglein@kslaw.com

November 15, 2023

**Via CM/ECF**
Hon. Lee H. Rosenthal
United States District Court, Southern District of Texas
515 Rusk St.
Houston, Texas 77002

> Re:   In re *Application of Refinería de Cartagena S.A.S. for an Order Directing Discovery from McDermott International, Ltd. pursuant to 28 U.S.C. § 1782*, Case No. 4:23-mc-01641

Dear Judge Rosenthal:

King & Spalding LLP represents Applicant Refinería de Cartagena S.A.S. ("Reficar") in connection with the above-captioned proceeding. Reficar now writes, as per the Court's procedure, to seek the Court's assistance in requiring Respondent McDermott International, Ltd. ("McDermott") to comply with the terms of the Court's order dated October 24, 2023 ("the Order").

In the Order, the Court required McDermott to produce a limited set of documents and to "produce a corporate representative for a one-day deposition to be held on or before November 3, 2023 . . . limited to the eight topics laid out by Reficar in its opposition motion (Docket Entry No. 21-1 at ¶ 12)." Order at p. 2. McDermott did timely produce the requested documents. However, McDermott did not produce a corporate representative prepared to address the eight specified topics. Instead, the witness McDermott presented repeatedly disclaimed knowledge on issues directly relating to the topics ordered by the Court.

A.   <u>Factual Background and the Dispute.</u> Following issuance of the Order, the parties conferred regarding the timing and location of the deposition. Reficar then sent a notice of deposition to counsel for McDermott in which Reficar again repeated the eight specified topics. It also included a request that "McDermott provide written notice on later than 5:00 p.m. (CT) on November 1, 2023 of the name(s) and employment position(s) of the individual(s) designated to testify on McDermott's behalf."

Despite Reficar's request, McDermott failed to provide notice of whom it was designating, and it was not until the beginning of the deposition that Reficar's counsel learned that McDermott was presenting Corporate Treasurer Kevin Leader.

Mr. Leader testified at the outset of the deposition that he was "the person that's most knowledgeable on the[] topics that are designated." However, his testimony regarding his knowledge was inaccurate, and he repeatedly answered that he did not have knowledge regarding notice topics or that someone else from McDermott would be the person who could answer. He also appeared not to understand – despite repeated reminders from counsel for Reficar and counsel for McDermott – his responsibility to answer based upon information available to McDermott rather than his personal involvement in particular matters. Here is a sample of his responses, truncated due to length restrictions:

Page 2

| Dep. Cite | Subject (permitted topic) | Mr. Leader's answer |
|---|---|---|
| 23:21-24:14 | Whether project contracts have been terminated (4, 6) | "I was not directly involved with that, so I can't speak more to terms of that." |
| 67:18-68:4 | Whether a draw might be made on letters of credit (3, 4, 6) | "I'm not fluent on the status . . . I don't know the answer to that question |
| 88:3-88:16 | Whether liquidated damages would result in LC draw (3, 4, 6) | "I'm not party to the discussions between the business unit and the client, so . . . I don't know the status of that. . ." |
| 96:6-8 | Potential financial exposure on Top 25 project (3, 4, 6) | "No, I'm not personally aware of it." |
| 98:22-99:1 | Default on Top 25 Project (3, 4, 6) | "I'm not personally aware." |
| 102:12-16 | Status of Top 25 Project (3, 4, 6) | "A: Offhand, I don't know. Q: Who would know something like that? A: Somebody in the business unit." |
| 140:8-18 | Issues from Reports Submitted in U.K. Restructuring Proceeding (4) | "I have not done any due diligence on this." |
| 153:23-154:1 | Organizational Structure of McDermott (4) | "Q: So you can't tell whether or not this is the current organizational chart or not? A: I would – no, this would have come out of legal, out of corporate secretary." |

The questions that Mr. Leader was asked and could not answer were not "gotcha" questions, nor were they inquiries into trivial matters. Rather, they went to the core issues in the foreign restructuring proceedings in the Netherlands and the United Kingdom. They also were not questions seeking information unknown to McDermott because Mr. Leader often identified an individual at McDermott who would know the answer. However, his unwillingness or inability to answer limited Reficar's opportunity to obtain needed information and Reficar suspended the deposition after approximately 4.5 hours.

Reficar raised these issues with counsel for McDermott in a good-faith effort to resolve them both at the deposition and in a phone call and a letter subsequent to the deposition, identifying the list above as well as other times when Mr. Leader's answers fell short of McDermott's obligations under the Order and seeking an agreement to continue the deposition with a proper corporate representative. In response, McDermott refused to allow for a continuation of the deposition, instead offering only to confer regarding the "*possibility* of providing sworn, written responses to certain questions" (emphasis added). Because the *possibility* for lawyer-drafted answers to a predetermined list of questions is no substitute for a corporate-representative deposition, where answers may be followed by further questions, Reficar now comes before the Court seeking its assistance.

B.  <u>Issues to be Addressed at the Pre-Motion Conference.</u> Reficar requests that the following be addressed at the Pre-Motion Conference:

1. Whether and when McDermott will produce a witness competent to testify as to its knowledge regarding the topics ordered by the Court, and whether McDermott will identify the witness in advance;

2. Whether Reficar should be given additional time in the continued deposition beyond what remains; and

3. Costs McDermott should pay related to its failure to present a proper corporate representative.

Very Respectfully,

Mike Stenglein