# KING & SPALDING

King & Spalding LLP 500
W. 2nd Street Suite 1800
Austin, Texas 78701

Mike Stenglein
Direct Dial: +1 512 457 2003
mstenglein@kslaw.com

January 22, 2024

<u>Via CM/ECF</u>

Hon. Lee H. Rosenthal
United States District Court,
Southern District of Texas
515 Rusk St.
Houston, Texas 77001

> Re:    In re *Application of Refineria de Cartagena S.A.S. for an Order Directing Discovery from McDermott International, Ltd. Pursuant to U.S.C. § 1782,* Case No. 4:23-mc-01641

Dear Judge Rosenthal:

King & Spalding LLP represents Applicant Refinería de Cartagena S.A.S. ("Reficar") in connection with the above-captioned proceeding. Following a hearing on January 10, 2024, the Court issued an order requiring McDermott International, Ltd. ("McDermott") to produce Travis Brantley for deposition (the "Order").

The Order requires Brantley, CFO of McDermott to sit for a 2 ½ hour continuation of the Rule 30(b)(6) deposition of McDermott previously ordered by the Court.

Because of the Foreign Restructuring Proceedings set to begin in the United Kingdom on February 8, 2024, we conferred with counsel for McDermott to find an acceptable time and location for Brantley's deposition. In agreement with John Kim, U.S. counsel for McDermott, the deposition is scheduled to go forward on Wednesday, January 24, 2024. Pursuant to that agreement, Reficar served the attached notice for the agreed date, time, and location.

Since then, McDermott's U.K. counsel has written two letters complaining that: (1) Reficar's reference in this Court to a witness statement given by Brantley in the U.K. violates U.K. procedural rules and (2) the deposition of Brantley ordered by this Court is "manifestly oppressive and unfair." McDermott's U.K. counsel argues that Reficar's showing three paragraphs of the witness statement to this Court violated U.K. procedure and that, as a result, the deposition should be canceled, and I, as the King & Spalding lawyer who argued on January 10, should withdraw

Page 2

from representing Reficar in any and all proceedings. Reficar believes those complaints to be baseless.

Early this morning, McDermott's U.K. counsel advised Reficar that "Mr. Brantley will not be available to attend his deposition until Friday 26 January 2024 (in accordance with the order of the Texas Court), *should it go ahead* . . . ." (emphasis added). Reficar does not understand this language to mean that Mr. Brantley is actually unavailable – particularly since the deposition date and time were agreed to by counsel for McDermott. Instead, Reficar understands that Mr. Brantley will not be made available until McDermott's demands are met. However, given that one of McDermott's demands is the withdrawal of the deposition notice, it is clear that the threat of postponement is actually a concealed refusal to have Mr. Brantley ever sit for the deposition.

In short, McDermott's U.K. counsel is unhappy with this Court's January 10 Order and is threatening to simply disregard it.

I have called and e-mailed Mr. Kim in an attempt to confer with him on these matters; as of the time this letter I had not received an answer from him.

Reficar respectfully requests the Court to issue an order requiring Mr. Brantley to appear for deposition at the date, time, and location agreed upon by the parties following the January 10 hearing—Wednesday, January 24, 2024, at 9:30 a.m. at the office of Kirkland & Ellis LLP, 609 Main Street, Suite 4700, Houston, Texas 77002.

Very Respectfully,

Mike Stenglein