# KIRKLAND & ELLIS INTERNATIONAL LLP

Stuart Doxford
To Call Writer Directly:
+44 20 7469 2046
stuart.doxford@kirkland.com

30 St Mary Axe
London, EC3A 8AF
United Kingdom

Telephone: +44 20 7469 2000

www.kirkland.com

Facsimile:
+44 20 7469 2001

18 January 2024

**BY EMAIL**

King & Spalding International LLP
125 Old Broad Street
London
EC2N 1AR

Dear Sirs,

**CR-2023- 005266 - In the matter of CB&I UK Limited / Pt 26A of the CA 2006**

1. We refer to your client's court filings and evidence presented to U.S. Judge Rosenthal on 10 January 2024 in the Southern District Court of Texas in connection with a second request for a deposition of McDermott under 28 U.S.C. §1782 before (the "**§1782 Hearing**").

**Collateral Use of Brantley 3**

2. English Civil Procedural Rule (CPR) 32.12 states that, subject to some exceptions which do not apply in this case:

   "*a witness statement may be used only for the purpose of the proceedings in which it is served*".

3. Mr. Stenglein has breached this rule by making extensive references to, and use of, the third witness statement of Mr Travis Brantley ("**Brantley 3**") against McDermott on the public record throughout the §1782 Hearing.[1] A failure to abide by this rule is contempt of English Court, justifying proceedings against your firm and Mr Stenglein who flouted this restriction.[2] Further, given the commercially sensitive nature of this evidence, it was provided subject to a signed non-disclosure agreement which was also violated.

4. The actions taken are even more serious because:

---

[1]  See enclosed draft transcript of §1782 Hearing

[2]  see Birss J's comments in *Grosvenor Chemicals Ltd and others v UPL Europe Ltd UPL* [2017] EWHC 1893 (Ch)).

KIRKLAND & ELLIS INTERNATIONAL LLP IS A MULTINATIONAL PRACTICE, THE PARTNERS OF WHICH ARE SOLICITORS OR REGISTERED FOREIGN LAWYERS (ADMITTED IN THE U.S. AND OTHER JURISDICTIONS), AND IS AUTHORIZED AND REGULATED BY THE SOLICITORS REGULATION AUTHORITY (SRA NUMBER 349107).  A LIST OF THE PARTNERS, GIVING EACH PARTNER'S PROFESSIONAL QUALIFICATION AND JURISDICTION OF QUALIFICATION IS OPEN TO INSPECTION AT THE ADDRESS ABOVE.

ASSOCIATED OFFICES

Beijing    Boston    Chicago    Dallas    Hong Kong    Houston    Los Angeles    Munich    New York    Palo Alto    Paris    San Francisco    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS INTERNATIONAL LLP

King & Spalding International LLP
18 January 2024
Page 2

(i) Mr. Stenglein violated CPR 32.12 by disclosing and relying upon Mr. Brantley's confidential and yet-to-be-admitted witness statement in U.S. court in support of his client's 1782 application without first obtaining permission from Mr. Brantley or the English Court. No such permission has been sought, let alone granted, as far as we are aware.

(ii) The breach has prejudiced the due administration of the Restructuring Plan proceedings in the UK and significantly prejudiced the McDermott Group.

(iii) Mr. Stenglein has multiple positions already presenting a risk of conflict including (1) lead counsel for the arbitration matter that is addressed in the UK Restructuring Plan; (2) your client's chief legal advocate of record in the US in connection with proceedings to enforce that award and to challenge the UK process; (3) a witness of fact in the UK Restructuring Plan proceedings; and (4) admitted to the confidential data room of all McDermott UK Evidence pursuant to a non-disclosure agreement.

(iv) In the UK Restructuring Plan, Mr. Stenglein's witness "evidence" directly challenges that of Mr. Brantley, and it is therefore inappropriate for him to be making submissions as to the effect of that evidence before the Texas Court. In addition, this fact was not drawn to the attention of the Texas Court. Mr. Stenglein's choice to take on conflicted roles as both a court advocate and a factual witness undermines his ability to testify credibly in the English Court.

(v) Aside from the contempt of English Court which your firm/Mr. Stenglein appears to have committed by making unauthorized use of Brantley 3 during the §1782 Hearing, Mr. Stenglein also made a number of materially misleading (and in some cases false) representations to the Texas Court based upon that evidence (addressed further below).

5. Given the serious nature of the conduct described in this letter, by **immediate return but by no later than 4 pm (London time) on 19 January 2024**, we demand that your firm undertake the following remediation actions:

(i) Your firm will report these matters to the Texas Court (in particular that Mr. Stenglein obtained the Brantley deposition order using documents he was prohibited from using) and apply to vacate the deposition order which the Texas Court made based upon Mr Stenglein's misuse of Brantley 3. This must be done on proper notice to the Company.

(ii) Neither your firm nor Mr. Stenglein personally shall rely upon Brantley 3 nor any other witness statements or exhibits it has received as part of the UK Restructuring Plan proceedings in any other proceeding, including the depositions that your client may shortly undertake with certain lenders to the McDermott Group. (We draw your

**KIRKLAND & ELLIS INTERNATIONAL LLP**

King & Spalding International LLP
18 January 2024
Page 3

- (iii) Mr. Stenglein withdraw from and have no further role in all proceedings (in any jurisdiction) relating to the McDermott Group.

- (iv) Your firm will report these matters to the English Court, and Mr. Stenglein will withdraw his personal witness evidence in the UK Proceedings with immediate effect.

attention to the broad meaning of the term 'use', which extends to use of the information contained therein.)[3]

**Misleading statements to the Texas Court**

6. Quite apart from the contempt of Court which your firm/Mr. Stenglein appears to have committed with respect to the unauthorized use and publication of Brantley 3, Mr. Stenglein also made a number of materially misleading (and in some cases false) representations to the Court based upon that evidence. For example:

- (i) Mr. Stenglein asserted in his submissions for the §1782 Hearing that the Texas Court must grant the additional deposition time because there would be barely any time to challenge the Company's restructuring plan in February.[4] This is false. Your preference for deposition-style fact-gathering (in advance of the sanction hearing) should not undermine the due process of a sanction hearing, which provides you with sufficient opportunity to litigate your case, however meritless. The sanction hearing for the UK Restructuring Plan will be the lengthiest sanction hearing of any restructuring plan that there has ever been in England. The English Court specifically ensured that the parties had ample time to cross-examine the other parties' witnesses and on a timetable that would enable a fair and just process.

- (ii) Mr. Stenglein also wrongly submitted to the §1782 Hearing that *"[...] in the UK […] we cannot get somebody to testify about the relevant alternative"*.[5] Again, this is false. In fact, Reficar will have an opportunity in the UK in a matter of weeks to cross-examine not only Mr. Brantley on the relevant alternative but also all other of the Company's or Supporting Creditors' witnesses who have given evidence on that topic. Reficar itself has filed expert evidence in the English proceedings from three different experts on the matter of the relevant alternative alone. However, no reference was made to Reficar's evidence in Mr. Stenglein's submissions to the Texas Court despite his explicit references to Brantley 3.

---

[3] *Tchenguiz v Grant Thornton UK LLP* [2017] EWHC 310 (Comm); [2017] 1 W.L.R. 2809 at [19]-[21]; *IG Index Ltd v Cloete* [2014] EWCA Civ 1128 at [40].

[4] Pages 18-19 of the draft transcript of the §1782 Hearing

[5] Pages 16 (lines 12-15) of the draft transcript of the §1782 Hearing

KE 109907465.2

## KIRKLAND & ELLIS INTERNATIONAL LLP

King & Spalding International LLP
18 January 2024
Page 4

7. Again, we request by return the undertakings set out at paragraph 5 above by no later than 4 pm London time on 19 January 2024.

8. We also put you on notice that any continuation or further attempts to undermine or interfere with the UK proceedings, in any other proceedings and in any jurisdiction, will be treated by us with the utmost severity and all of our client's rights are reserved.

Yours faithfully,

*Kirkland & Ellis*

**Kirkland & Ellis International LLP**

**Enc.**

KE 109907465.2